

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:                    Opinion No. O-2684
                             Re:  County Auditors -
                                  Special Auditors

        Your request for opinion has been received and
carefully considered by this department.  We quote from
your request as follows:

        "I will appreciate your opinion as to whether
        or not I would be permitted to serve as auditor for
        more than one county at the same time, provided the
        additional county should come under the provisions
        of Art. 1646 - Vernons Civil Statutes of Texas."

        Article 16, Section 40 of our State Constitution,
reads as follows:

        "No person shall hold or exercise, at the same time,
        more than one civil office of emolument, except that of
        justice of peace, county commissioner, notary public
        and postmaster, officer of the National Guard, the Na-
        tional Guard Reserve, and the Officers Reserve Corps
        of the United States, and enlisted men of the National
        Guard, the National Guard Reserve, and the Organized
        Reserves of the United States, and retired officers of
        the United States Army, Navy, and Marine Corps, and
        retired warrant officers, and retired enlisted men of
        the United States Army, Navy, and Marine Corps, unless
        otherwise specially provided herein.  Provided, that
        nothing in this Constitution shall be construed to
        prohibit an officer or enlisted man of the National
        Guard, and the National Guard Reserve, or an officer
        in the Officers Reserve Corps of the United States,
        or an enlisted man in the Organized Reserves of the
        United States; or retired officers of the United States
        Army, Navy, and Marine Corps, and retired warrant

officers, and retired enlisted men of the United States
Army, Navy, and Marine Corps, from holding in conjunc-
tion with such office any other office or position of
honor, trust or profit, under this State of the United
States, or from voting at any Election; General, Spe-
cial or Primary, in this State when otherwise qualified."

Article 1641, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"Any commissioners court, when in its judgment an
imperative public necessity exists therefor, shall
have authority to employ a disinterested, competent
and expert public accountant to audit all or any part
of the books, records, or accounts of the county; or
of any district, county or precinct officers, agents
or employees, including auditors of the counties, and
all governmental units of the county, hospitals, farms,
and other institutions of the county kept and maintained
at public expense, as well as for all matters relating
to or affecting the fiscal affairs of the county. The
resolution providing for such audit shall recite the
reasons and necessity existing therefor such as that
in the judgment of said court there exists official
misconduct, will ful ommission or negligence in records
and reports, misapplication, conversion or retention
of public funds, failure in keeping accounts, making
reports and accounting for public funds by any officer,
agent or employee of the district, county or precinct,
including depositories, hospitals, and other public in-
stitutions maintained for the public benefit, and at
public expense; or that in the judgment of the court
it is necessary that it have the information sought
to enable it to determine and fix proper appropria-
tion and expenditure of public moneys, and to ascertain
and fix a just and proper tax levy. The said resolu-
tion may be presented in writing at any regular or
called session of the commissioners' Court, but shall
lie over to the next regular term of said court, and
shall be published in one issue of a newspaper of
general circulation published in the county; provided
if there be no such newspaper published in the county,
then notice thereof shall be posted in three public
places in said county, one of which shall be at the
court house door, for at least ten days prior to its
adoption. At such next regular term said resolution
shall be adopted by a majority vote of the four com-
missioners' of the court and approved by the county
judge. Any contract entered into by said commissioners'

court for the audit provided herein shall be made in accordance with the statutes applicable to the letting of contracts by said court, payment for which may be made out of the public funds of the county in accordance with said statutes. The authority conferred on county auditors contained in this title as well as other provisions of statutes relating to district, county and precinct finances and accounts thereof shall be held subordinate to the powers given herein to the commissioners' court."

Article 1645, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million Dollars ($15,000,000), or over, according to the last approved tax rolls, there shall be biennially appointed an Auditor of Accounts and Finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services One Hundred and Twenty-five Dollars ($125) for each million dollars, or major portion thereof on the assessed valuation, the annual salary to be computed from the last approved tax rolls; said annual salary from county funds shall not exceed Three Thousand, Six Hundred Dollars ($3,600). * * *."

Article 1646, Vernon's Annotated Texas Civil Statutes, reads as follows:

"When the Commissioners' Court of a county, not mentioned and enumerated in the preceding Article shall determine that an auditor is a public necessity in the dispatch of the county business, and shall enter an order upon the Minutes of said Court fully setting out the reasons and necessity of an auditor, and shall cause said order to be certified to the District Judges having jurisdiction in the county, said Judges shall, if such reason be considered good and sufficient, appoint a County Auditor, as provided in the succeeding Article, who shall qualify and perform all the duties required of County Auditors by the Laws of this State; provided said Judge shall have the power to discontinue the office of such County Auditor at any time after the expiration of one

year when it is clearly shown that such Auditor
is not a public necessity and his services are
not commensurate with his salary received; * * *."

Article 1646a, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The commissioners' court of any county under
twenty-five thousand population according to the
last United States census may make an arrangement
or agreement with one or more other counties whereby all counties, parties to the arrangement or
agreement, may jointly employ and compensate a
special auditor or auditors for the purposes specified in Articles 1645 and 1646.  The county commissioners' court of every county affected by this
article may have an audit made of all the books of
the county, or any of them, at any time they may
desire whether such arrangements can be made with
other counties or not; provided the district judge
or grand jury may order said audit if either so
desires."

This department held, in an opinion written by Hon.
Bruce W. Bryant, First Assistant Attorney General, dated
October 5, 1931, and recorded in Vol. 326, pp. 830-1-2-3-4,
Letter Opinions of the Attorney General of Texas, that
Article 1646a, Revised Civil Statutes of Texas, was a misnomer caused by an error in the codification of the Revised
Civil Statutes of 1925 and that said Article should have
been denominated as Article 1641a of the Revised Civil Statutes of Texas.  This opinion held that county commissioners'
courts of counties under 25,000 population, could, either
alone or in conjunction with other counties having a population of less than 25,000 population, make an arrangement
whereby they could jointly employ and compensate a special
auditor or auditors for the purpose specified in Article
1641, Revised Civil Statutes.  The opinion also held that
such an auditor was a special auditor and was an entirely
different type of auditor from that of a county auditor
whose office was authorized under Articles 1645 and 1646,
Revised Civil Statutes and whose duties were prescribed
in the articles following.  This opinion also held that
there was no statute which authorized two or more counties
to jointly employ a county auditor.  We think the above
opinion is correct and we hereby approve same.  We enclose
herewith a copy of said opinion which contains a comprehensive discussion of the matters involved therein.

A county auditor is clearly a county officer.  He takes an official oath and makes an official bond.

A special auditor, as provided for in Article 1641, supra, clearly is not a county officer.

Article 16, Section 40 of our State Constitution, would clearly prohibit a person from holding office as county auditor in two counties at the same time, just the same as it would prohibit a person from holding office as County Judge in two counties at the same time.

However, Article 16, Section 40 of our State Constitution, would not apply to special auditors who are not county officers.

It is therefore the opinion of this department that a person may not legally hold office or serve as county auditor for more than one county at the same time.

It is the further opinion of this department that county commissioners' courts of counties under 25,000 population, could, either alone or in conjunction with other counties having a population of less than 25,000 population, make an arrangement whereby they could jointly employ and compensate a special auditor or auditors for the purpose specified in Article 1641, Vernon's Annotated Texas Civil Statutes.  However, such a special auditor would not be a county auditor nor would he be a county officer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 9, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By    /s/ Wm J. Fanning
      Wm J. Fanning
      Assistant

WmJF:ob:jl
Encl.

APPROVED
OPINION
COMMITTEE
By BWB /s/
    Chairman